32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy Eugene ATWATER, III, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Mandwell BAILEY, Defendant-Appellant.
 Nos. 93-5974, 94-5001.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 26, 1994.
Decided Aug. 8, 1994.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-93-141)
 Cynthia A. Hatfield, Hatfield & Hatfield, Greensboro, N. C.; Richard A. Elmore, Pfaff, Elmore & Hayes, Greensboro, N.C., for Appellants.
 Walter C. Holton, Jr., U.S. Atty., David B. Smith, Asst. U.S. Atty., Greensboro, N.C., for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants, Tommy Eugene Atwater III and Bobby Mandwell Bailey, appeal their convictions on charges that they possessed with intent to distribute crack cocaine, 21 U.S.C. Sec. 841(a)(1) (1988), and carried and used a firearm during the commission of a drug trafficking crime, 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994). On appeal, Appellants argue that the district court erred in admitting cellular phone records as evidence of Atwater's residence, that probable cause did not exist to support the magistrate judge's issuance of a warrant to search Bailey's home, and that the evidence was not sufficient to sustain their convictions. We reject Appellants' arguments and affirm the judgment and sentence below in all respects.
 
 
 2
 * At trial, Officer Mitchell testified that he had observed an unusual amount of activity at Bailey's residence, including many people entering and exiting the house, and Bailey and Atwater often standing at the front and back doors. Bailey's mother testified that Atwater occasionally stayed with Bailey in Bailey's room. The government's informant testified that to have his prior record expunged, he agreed to attempt a controlled buy of crack cocaine from Bailey. The informant testified that he was an acquaintance of Atwater's and Atwater agreed to arrange a crack cocaine buy with Bailey. Atwater had told the informant that he solicited drug business for Bailey. The informant went to Bailey's residence with marked money. Atwater answered the door and brought the informant to Bailey's room. The informant then gave Bailey the marked money in exchange for one gram of crack cocaine.
 
 
 3
 Durham police applied for and were issued a warrant to search Bailey's residence. The affidavit in support of the warrant noted the suspicious activity seen at Bailey's residence over a two month period, and the informant's controlled buy. Officer Mitchell also included in the affidavit the informant's statement that Bailey had told him he had just picked up an ounce of cocaine. Incident to the search, officers seized from Bailey's bedroom: crack cocaine, bullet rounds, a scale, two handguns, and two shotguns. Also seized were two cellular phones, one of which was listed in Atwater's name with Bailey's address. The police also seized Bailey and Atwater's wallets from Bailey's bedroom.
 
 II
 
 4
 Atwater argues that the cellular phone records were improperly admitted into evidence. The records showed that Atwater had purchased the phone, but listed Bailey's address for billing purposes. The government introduced the records as Atwater's statement that he resided at Bailey's home. Atwater argues that the records should have been excluded because the government failed to disclose them until the day of trial and because they were inadmissable hearsay. Atwater forfeited appellate review of these arguments except for plain error by withdrawing his initial objection to the records' admission and not renewing his objection when the evidence was offered at trial. See United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). We find no plain error.
 
 
 5
 Although the government gave late notice of its intent to use this evidence, Atwater was given time to procure evidence to counter the phone records. In fact, Atwater was able to produce a witness to testify that Atwater had purchased the phone for Bailey's use. Moreover, the evidence was cumulative of other testimony establishing that Atwater lived at Bailey's residence, and support exits for admitting these records under Fed.R.Evid. 803(6) as a business record. See United States v. Chatman, 994 F.2d 1510, 1515-16 (10th Cir.1993). Accordingly, the district court properly admitted these records into evidence.
 
 III
 
 6
 Bailey argues that any evidence seized at his home should have been suppressed because probable cause did not exist to support the magistrate judge's issuance of a search warrant. Bailey argues that the affidavit lacked facts attesting to the informant's reliability and the details of the "controlled buy." The district court's decision to admit this evidence will be upheld if the information available to the magistrate judge provided a substantial basis for concluding that probable cause existed. United States v. Blackwood, 913 F.2d 139, 142 (4th Cir.1990). Where the affidavit is based in part on information provided by an informant of unknown reliability, police corroboration of details provided in the tip may establish probable cause. Illinois v. Gates, 462 U.S. 213, 244-45 (1983). Additionally, an informant's controlled buy of drugs can constitute probable cause for the issuance of a warrant. United States v. Clyburn, --- F.3d ----, No. 93-5234 (4th Cir. May 18, 1994) (citing United States v. Allen, 960 F.2d 1055, 1057 (D.C.Cir.1992)).
 
 
 7
 The affidavit detailed the police officers' observations over a two month period of many people entering Bailey's house and exiting within five minutes. The affidavit also noted that an informant had made a controlled purchase of crack cocaine from the residence and that Bailey had told the informant that he had just purchased an ounce of cocaine. Under these facts, a substantial basis existed to support the magistrate judge's finding of probable cause.
 
 IV
 
 8
 Appellants argue that the evidence was insufficient to sustain their convictions. We reject this argument. This Court will not reverse a conviction for insufficiency of the evidence unless after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 9
 Incident to a search of Bailey's bedroom, the police seized crack cocaine, a scale, two shotguns, two handguns, and both Bailey and Atwater's wallets. The police also seized a cellular phone that was listed in Atwater's name but used Bailey's address for billing purposes. Bailey's mother testified that Atwater occasionally lived in Bailey's bedroom. The informant testified that he went to Bailey's residence to make a controlled purchase, that Atwater answered the door and brought the informant into Bailey's bedroom, and that the informant then gave Bailey money for crack cocaine. The informant also testified that Atwater told him that he solicited drug business for Bailey.
 
 
 10
 Based on this direct and circumstantial evidence, we find that a rational jury could have concluded beyond a reasonable doubt that Atwater and Bailey constructively possessed with intent to distribute crack cocaine. 21 U.S.C. Sec. 841(a)(1). Moreover, we find that there was ample evidence to support the jury's finding that Atwater and Bailey used or carried the seized firearms in relation to a drug trafficking crime. 18 U.S.C. Sec. 924(c)(1); see United States v. Stockstill, --- F.3d ----, No. 93-5570 (4th Cir. June 9, 1994); United States v. Townley, 929 F.2d 365, 368 (8th Cir.1991) (holding that gun's accessibility and close proximity to drugs was sufficient to establish "use" under Sec. 924(c)).
 
 
 11
 Appellants' arguments are meritless. Accordingly, we affirm their convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED